IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE DEMETRIUS TATE,

    Plaintiff,                                 No. CIV S-10-1386 GGH P

    vs.

SUE SUMMERSET, et al.,

    Defendants.                         ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil action alleging negligence, breach of warranty, strict liability, and intentional infliction of emotional distress. Plaintiff seeks to invoke this court's diversity jurisdiction under 28 U.S.C. § 1332(a). He has also requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial filing fee of $39.53 will be assessed at this time. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff brings this case pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction. Plaintiff alleges that defendant Sumerset, who is employed by the California Department of Corrections and Rehabilitation (CDCR), is responsible for purchasing all the food that inmates consume at plaintiff's facility, Ironwood State Prison, and other prisons. Plaintiff states that Sumerset purchased food from several out-of-state food companies, also named as defendants, that was tainted with salmonellosis and staphylococcus which caused plaintiff and other inmates to get sick. The court notes that identical complaints[1] have been filed by at least two other inmates at Ironwood State Prison. See Civ. No. 10-1557 CMK; Civ. No. 10-1553 CMK.[2]

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state ... as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332.

However, this court lacks diversity jurisdiction over this action. A federal court's authority to hear cases in diversity is established by 28 U.S.C. § 1332. "The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court

---

[1] The only differences in the complaints are the names of the plaintiffs.

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

against multiple defendants, each plaintiff must be diverse from each defendant. That compliance with the diversity statute, including its complete diversity requirement, is the *sine qua non* of diversity jurisdiction was made clear in Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). In a case involving claims against multiple defendants, "the plaintiff must meet the requirements of the diversity statute for each defendant. Id. at 829." Lee v. American National Insurance Company, 260 F.3d 997, 1004-05 (9th Cir. 2001) (fn and citations omitted).

Here, plaintiff is a California resident at Ironwood State Prison in Blythe, California. While several defendants reside outside of California, plaintiff has named Sue Summerset as a defendant who is employed by CDCR in Sacramento, California. Because both the plaintiff and defendant are citizens of the same state, California, no diversity exists. Plaintiff's complaint will be dismissed with leave to file an amended complaint based on federal question jurisdiction within 28 days of service of this order.

If plaintiff files an amended complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $39.53. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections

and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. Plaintiff's motions for service, Docs. 5, 6, are denied as premature.

DATED: August 25, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
tate13886.tra

5