IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE DEMETRIUS TATE,

      Plaintiff,                        No. CIV S-10-1386 GGH P

   vs.

KELLOG, et al.,

      Defendants.                ORDER

_____/

      Plaintiff, a prisoner proceeding pro se and in forma pauperis, brings this civil action alleging negligence, breach of warranty, strict liability, and intentional infliction of emotional distress. Plaintiff seeks to invoke this court's diversity jurisdiction under 28 U.S.C. § 1332(a). For cases such as this, which are based on diversity jurisdiction, the federal venue statute requires that the action be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commences, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). Here, the claim(s) arose in Riverside County, which is within the boundaries of the United States District Court for the Central District

1

of California.[1]  Therefore, the court finds that this action most appropriately proceeds in that district.  In the interest of justice, the court will transfer this case.  <u>See</u> 28 U.S.C. § 1406(a).

        Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

DATED: October 8, 2010

                                    /s/ Gregory G. Hollows
                                    UNITED STATES MAGISTRATE JUDGE

GGH: AB
tate13886.tra

---

[1] Plaintiff's original complaint contained a defendant, Sue Summerset, who resided in the Eastern District of California, therefore the court screened the complaint.  However, as plaintiff and one defendant resided in the same state, the court noted there was a lack of diversity jurisdiction.  Plaintiff's amended complaint removed Summerset as a defendant.  The court may approve of the dropping of a defendant to allow diversity jurisdiction, Fed.R.Civ.P. 21; <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 832, 109 S.Ct. 2218 (1989), so long as the party dropped is not indispensable to the action.  The undersigned does not view Summerset as indispensable. Therefore, there is diversity jurisdiction, but no connection to the Eastern District of California.