UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| CLARENCE DEMETRIUS TATE, | ) | No. ED CV 10-01561-AHM (VBK) |
| Plaintiff, | ) ) | ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE REQUIRED TO PAY |
| v. | ) ) | FILING FEE |
| SUE SUMMERSET, et al., | ) ) | |
| Defendants. | ) ) | |

**I**

**INTRODUCTION**

Pro se Plaintiff Clarence Demetrius Tate (hereinafter referred to as "Plaintiff") filed a "Complaint for Damages, Negligence, Breach of Warranty, Strict Liability, Intentional Infliction of Emotional Distress" based on diversity of citizenship and damages in excess of $75,000.00 in the United States District Court for the Eastern District of California on June 7, 2010.  Plaintiff named as Defendants Sue Summerset, Kellogg Corporation, Austin Quality Corporation of America, ABC Ventures and LA Foods.

On August 26, 2010, United States Magistrate Judge Gregory G. Hollows issued an Order re Leave to File Action Without Prepayment of

Full Filing Fees and an Order dismissing the Complaint with leave to amend.

On September 17, 2010, Plaintiff filed a First Amended Complaint.[1]

On October 8, 2010, United States Magistrate Judge Gregory G. Hollows issued an Order Transferring Action to the United States District Court for the Central District of California.

## II

## **PLAINTIFF IS A VEXATIOUS LITIGANT**

On September 2, 2008, United States District Judge Virginia A. Phillips in <u>Tate v. Keith Stanton, et al</u>., Case No. ED CV 08-00024-VAP (OPx)[2] found Plaintiff to be a vexatious litigant and ordered that any pleading he attempts to file be screened before he is allowed to initiate an action.

Under the Prison Litigation Reform Act ("PLRA"), Pub.L.No. 104-134, 110 Stat. 1321 (1996), a prisoner may not bring a cause of action <u>in forma pauperis</u> if, on three (3) or more previous occasions, the prisoner has brought an action or appeal in a Court of the United States that was dismissed because it was frivolous or malicious or failed to state a claim for which relief may be granted, unless the

---

[1] In Plaintiff's First Amended Complaint, he alleges he contracted several bouts of salmonellosis and staphylococcus as result of being intentionally fed tainted and spoiled food sold to the Department of Corrections and Rehabilitation. Plaintiff alleges in December 2008 and February 2009 he consumed peanut butter crackers which he claims were tainted and which caused him to become sick. Plaintiff has named as Defendants Kellogg Corporation, Austin Quality Corporation of America, ABC Ventures and LA Foods.

[2] The Court takes judicial notice of its own files and records. See <u>Mir v. Little Co. of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988).

2

prisoner is under imminent danger of serious physical injury. 28 U.S.C. §1915(g); O'Neal v. Price, 531 F.3d 1146, 1153-54 (9th Cir. 2008). This Court's database reveals that Plaintiff has filed 19 prior lawsuits in the United States District Court for the Central District of California, in which leave to proceed in forma pauperis has been denied because the complaints were frivolous in at least five of them.

| **DATE** | **CASE NO.** |
|---|---|
| 8/21/08 | CV 08-5090-VBK. |
| 4/08/04 | CV 04-2223-VBK. |
| 3/29/04 | CV 04-1759-VBK. |
| 2/10/04 | CV 04-500-VBK. |
| 12/18/09 | CV 09-2211-UA-MLG. |

It appears that Magistrate Judge Gregory G. Hollows Order issued on August 26, 2010 allowing Plaintiff to proceed without prepayment of the filing fee was made without knowledge of the section 1915(g) qualifying dismissals, which were adjudicated in the United States District Court for the Central District of California. The August 26, 2010 Order is no bar to the Court's authority to implement the requirements of §1915(g) now.

The Ninth Circuit has repeatedly held that §1915(g) is constitutional, because "deterring frivolous lawsuits is rationally related to a legitimate government interest." O'Neill v. Price, 531 F.3d 1146, 1153-54 (9th Cir. 2008); Andrews v. King, 398 F.3d 1113, 1123 (9th Cir. 2005). "Filing an action [in forma pauperis under §1915] is a privilege, not a right." Rodriquez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999). See also Lewis v. Sullivan, 279 F.3d 526,

530 (7th Cir. 2002)(listing seven ways that prisoners can vindicate a claim outside the restraints of §1915(g)).

Here, enforcement of section 1915(g) would not violate Plaintiff's constitutional rights. Plaintiff has not demonstrated that he is under imminent danger of serious physical injury. Furthermore, Plaintiff may, if he wishes, proceed to pay the $350.00 filing fee.

## **CONCLUSION**

For the aforementioned reasons, **IT IS ORDERED** that Plaintiff show cause on or before November 10, 2010, why he should not be required to submit the filing fee of $350.00. Alternatively, Plaintiff may submit the filing fee to the Clerk's Office prior to that date. Failure to respond to this Order, show good cause for allowing this matter to proceed, or submit the filing fee in the time allowed, will result in dismissal of this action without further notice.

DATED:  October 21, 2010           /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE